1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7

UNITED STATES OF AMERICA,

8

Plaintiff(s),

9

v.

10

ADRIAN ACEVEDO-HERNANDEZ, et al.,

11

Defendant(s).

12

Case No. 2:14-CR-242 JCM (VCF)

ORDER

13
14
15
16

Presently before the court are Magistrate Judge Ferenbach's report and recommendation. (Doc. # 68).  Defendant Adrian Acevedo-Hernandez filed an objection (doc. # 70), and the government filed a response to defendant's objection (doc. # 72).

17

**I.       Background**

18
19
20
21

This matter involves the United States of America's prosecution of Adrian Acevedo-Hernandez, Jose Luis Montufar-Canales, and J. Nemias Reye Marin under the Migratory Bird Treaty Act, 16 U.S.C. §§ 703, 707(a), for possessing a mourning dove, American widgeon duck, and three green-winged teal ducks with no permit.  (Doc. # 1).

22
23
24
25

Defendant Acevedo filed a motion to suppress (doc. # 45) and a motion to dismiss counts three and four due to the unavailability of evidence (doc. # 46).  Magistrate Judge Ferenbach issued an order denying defendant's motion to suppress, and a report and recommendation recommending that defendant's motion to dismiss be denied.  Defendant filed objections to the report and

26
27
28

**James C. Mahan**
**U.S. District Judge**

recommendation.[1]   (Doc. # 70).   The court now reviews Magistrate Judge Ferenbach's recommendation that the motion to dismiss counts three and four of the indictment be denied.

## II.   Legal Standard

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III.   Discussion

Defendant Acevedo-Hernandez contends that counts three and four of the indictment, which concern the dove and four ducks, should be dismissed because potentially exculpatory evidence—(i.e., the actual animal carcasses)—disappeared, depriving him of his right to access exculpatory evidence under the due process clause.  Defendant asserts that the government violated the due process clause by photographing the bird carcasses, returning them to the defendant and allowing him to discard the carcasses.  Defendant asserts that the government knew the carcasses had exculpatory value, but allowed him to discard the carcasses, which would have shown he did not possess the prohibited breeds of birds.  Defendant asserts that these circumstances offend "prevailing notions of fundamental fairness."  *United States v. Valenzuela-Bernal*, 458 U.S. 858, 872 (1982).

---

[1] Defendant's objections discuss both Magistrate Judge Ferenbach's order denying defendant's motion to suppress and recommendation that defendant's motion to dismiss counts three and four be denied.  Though the magistrate judge issued his order regarding the motion to suppress within the document that included the report and recommendation (doc. # 68), the magistrate judge's order denying defendant's motion to suppress does not require the approval of this court.  The issue before this court on de novo review is the magistrate judge's recommendation to deny defendant's motion to dismiss only.  Accordingly, the court will consider defendant's objections to the magistrate judge's recommendation.  The court will not consider defendant's additional objections absent a motion to reconsider.

James C. Mahan
U.S. District Judge

- 2 -

1      Magistrate Judge Ferenbach found that fundamental fairness had not been offended for at

2  least three reasons: (1) defendant presented no evidence that the government knew the carcasses

3  had an "apparent exculpatory value" before defendant destroyed the carcasses; (2) defendant has

4  other comparable evidence available to him through the government's photographs of the bird

5  carcasses; and (3) defendant did not show that the government acted in bad faith.  (Doc. # 68 at

6  13-14).

7      Defendant objects that (1) the exculpatory value of the bird carcasses was readily apparent

8  to the Nevada Department of Wildlife ("NDW") and the Las Vegas Metropolitan Police

9  Department ("LVMPD"); (2) the carcasses of the frozen birds are necessary, because experts

10 cannot determine their species by relying solely on photographs, and (3) a showing of bad faith is

11 not a necessary prerequisite to dismiss counts three and four.  (Doc. # 70 at 4-6).

12     The government concurs with Magistrate Judge Ferenbach's report and recommendation

13 and asks the court to adopt the report and recommendation.

14     The court agrees with Magistrate Judge Ferenbach's thorough analysis of the issues and

15 his conclusions that "prevailing notions of fundamental fairness" had not been offended.

16 Therefore, after reviewing Magistrate Judge Ferenbach's report, defendant's objections, the

17 government's response, and the underlying briefs de novo, the court adopts the report and

18 recommendation in full.

19     Accordingly,

20     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge

21 Ferenbach's report and recommendation (doc. # 68) be, and the same hereby are, ADOPTED in

22 full.

23     IT IS FURTHER ORDERED that defendant Adrian Acevedo-Hernandez's motion to

24 dismiss counts three and four due to the unavailability of evidence (doc. # 46) is DENIED.

25     DATED April 7, 2015.

26

27     _____
       UNITED STATES DISTRICT JUDGE

28

**James C. Mahan**
**U.S. District Judge**