1

2

3

4                             UNITED STATES DISTRICT COURT

5                                  DISTRICT OF NEVADA

6                                          * * *

7     UNITED STATES OF AMERICA,                      Case No. 2:14-CR-242 JCM (VCF)

8                          Plaintiff(s),                          ORDER

9           v.

10    ADRIAN ACEVEDO-HERNANDEZ, et al.,

11                         Defendant(s).

12

13

14          Presently before the court is defendant Adrian Acevedo-Hernandez's ("Acevedo") motion

15    to reconsider magistrate judge's denial of motion to suppress evidence.   (Doc. # 77).   The

16    government has filed a response (doc. # 96) and defendant has filed a reply (doc. # 97).

17    I.      Background

18          This matter involves the United States of America's prosecution of co-defendants Adrian

19    Acevedo-Hernandez, Jose Luis Montufar-Canales, and J. Nemias Reye Marin. (*See* doc. # 1).  The

20    Nevada Department of Wildlife ("NDW") opened an investigation into Acevedo in June of 2013.

21    Someone, they were told, illegally killed two doe mule deer and posted pictures of his exploits on

22    Facebook.   Acevedo is one of the alleged hunters.

23          On June 8, 2013, game warden Cameron Waithman obtained a warrant to search Acevedo's

24    home and vehicle to search for illegally killed mule deer meat and parts, weapons used to kill mule

25    deer, and "any other illegally taken wildlife."  (Doc. # 45-1 at 4; doc. # 45-3 at 1).   In pertinent

26    part, Waithman's affidavit in support of the warrant states:

27              On June 7, 2013 at 0710 hours Affiant and other Nevada game wardens
                investigating the illegal killing of two doe mule deer served a search warrant at
28              6061 Stewart Ranch Road. . . . Affiant and other Nevada game wardens discovered

**James C. Mahan**
**U.S. District Judge**

1
2
3
4
5
6
7
8

and seized evidence of the illegal killing of two doe mule deer. Affiant is in possession of a photograph taken on the night of the crime with Acevedo-Hernandez . . . and two other Hispanic male adults posing with the two dead doe mule deer. The location of the photograph is outside the front door of the residence at 6061 Stewart Ranch Road. The area the photograph was taken is where the three individuals posed and then butchered the two doe mule deer. One of the other male adults in the photograph is the resident of 6061 Stewart Ranch Road identified as Ortega-Torres, Jose Manuel. One front shoulder of a mule deer and one rib cage of a mule deer was seized from the residence at 6061 Stewart Ranch Road. Ortega-Torres stated that the two other individuals killed the doe mule deer using a spotlight at night. Ortega-Torres stated the only deer meat that he has from the killed mule deer does was the front shoulder and ribcage and that the other individuals took the majority of the deer meat with them. Ortega-Torres stated that he did not know the name of the other individuals on the illegal hunt and in the photograph other than the "nickname" for one of them which is "El Pantera."

9
10
11
12

Referencing the Facebook page of Ortega-Torres, I was able to find El Pantera (later identified as Acevedo-Hernandez, Adrian). DMV records show Acevedo-Hernandez living at 516 Bayberry Drive, Las Vegas, Nevada 89110. The Facebook page of Acevedo-Hernandez shows multiple photos of Acevedo-Hernandez with dead wildlife including obvious wildlife violations such as killing a pelican. Acevedo-Hernandez also has multiple photographs of himself with high powered hunting rifles, semi auto rifles, shotguns and handguns.

13

(Doc. # 45-3 at 1).

14
15
16
17
18

At 6:45 p.m., Waithman executed the warrant. (Doc. # 45-1 at 4-5). Waithman and other game wardens from the Department of Wildlife entered Acevedo's home and searched the kitchen freezer. The game wardens found twenty rainbow trout and various game birds. (*Id.* at 5). They did not find deer meat. (*Id.*) Waithman photographed the fish and birds, and left them behind. (*Id.*)

19
20
21

In the living room, Waithman found a notebook full of Hispanic names and corresponding birth dates and social security numbers. (*Id.*) He photographed several pages of the notebook but did not seize it. (*Id.*)

22
23
24
25
26

The game wardens expanded their search to a second freezer located on the back patio. (*Id.*) It was padlocked. (Doc. # 57 at 5:18). The game wardens broke the lock. (Doc. # 45-1 at 5). Inside the second freezer, game wardens discovered additional game birds and a large amount of mule deer meat. (*Id.*). Waithman photographed the birds, returned the birds to the freezer, and packaged and seized the deer meat. (*Id.*).

27
28

**James C. Mahan**
**U.S. District Judge**

A mourning dove, American widgeon duck, and three green-winged teal ducks were allegedly among the birds Waithman photographed.  These species are protected by the Migratory Bird Treaty Act 16 U.S.C. §§ 703, 707(a), which requires hunters to tag protected birds and include the signature of a licensed hunter, her address, the total number and species of birds taken, and the date the birds were shot.  A post-search written report states that the birds in Acevedo's freezer were untagged.  (*See* doc. #46-2 at 4).

After the game wardens completed their search—which included a search of Acevedo's truck—they unplugged the kitchen freezer, left the back-patio freezer door ajar, padlocked Acevedo's front door, and departed. (Doc. # 57 at 5:11-23).   By the time Acevedo regained accesses to his home, the contents of both freezers had spoiled.  (*Id*.)  Acevedo discarded their contents, including the alleged illegal mourning dove, American widgeon duck, and green-winged teal duck carcasses.  (*Id*.)

On July 16, 2014, the United States of America indicted Acevedo with two counts of prohibited person in possession of a firearm in violation of 18 U.S.C. 922(g)(5)(A), 924(a)(2)[1] and two counts of misdemeanor violations of the Migratory Bird Treaty Act, 16 U.S.C. §§ 703, 707(a), for allegedly possessing a mourning dove, American widgeon duck, and three green-winged teal ducks without a permit.  (Doc. # 1).

Acevedo filed a motion to suppress evidence on November 14, 2014, seeking to suppress the evidence that Waithman obtained during the June 8, 2013, search of Acevedo's home.  (Doc. # 45).   Acevedo asserted that the evidence from the search should be suppressed because Waithman's affidavit lacked probable cause to warrant a search.  (*Id*.).  Acevedo further asserted that Waithman either intentionally or recklessly omitted or misrepresented several material facts that negated a determination of probable cause to search Acevedo's home and vehicle.  These material omissions or misrepresentations include the contents of the photograph of the deer and photographs from Acevedo's Facebook page, Ortega's statements to the game wardens, the failure to include the poor-quality photo taken on "the night of the crime with Acevedo[,]" and materially

---

[1] The government alleges that Acevedo-Hernandez is an illegal-alien who used other individuals' social security numbers to obtain hunting permits.

James C. Mahan
U.S. District Judge

misleading information regarding Acevedo's hunting and fishing permit history.  Lastly, Acevedo asserted that he was entitled to a hearing under *Franks v. Delaware*, 438 U.S 154 (1978), to challenge the justice of the peace's probable-cause determination.  (*Id.*).

Though Acevedo styled his motion as a motion to suppress, Magistrate Judge Ferenbach construed it as a motion for a *Franks* hearing for two reasons.[2]  First, the gravamen of Acevedo's motion—that the justice of the peace erred in concluding that there was probable cause to issue search warrants because the warrants were allegedly defective—invoked *Franks*.  (*See* doc. # 68 at 9; doc. # 45 at 6).  Second, the government construed Acevedo's motion as a motion for a *Franks* hearing.  (*See* doc. # 68 at 9; doc. # 61 at 6).

Magistrate Judge Ferenbach denied Acevedo's motion.[3]  (Doc. # 68 at 15).  First, Magistrate Judge Ferenbach found that Waithman's affidavit explicitly provided probable cause to issue a warrant.  (Doc. # 68 at 9).  Second, Magistrate Judge Ferenbach found that the remaining substantive bases for challenging the affidavit (that the affidavit misrepresented the contents of the deer picture, Ortega's statements to the game wardens, and Acevedo's hunting and fishing permit

---

[2] Properly distinguishing between a motion to suppress and a motion for a *Franks* hearing is important because it affects the standard of review under 28 U.S.C. § 636(b)(1) and Local Rules IB 1–3 and IB 1–4.  These provisions govern the jurisdiction and powers of U.S. Magistrate Judges. They provide that U.S. Magistrate Judges many decide motions to suppress only by issuing a "proposed findings of fact and recommendations" (*i.e.*, a Report & Recommendation).  *See* 28 U.S.C. § 636(b)(1)(C); LR IB 1–4(h).  Proposed findings of fact and recommendations are subject to a *de novo* standard of review.  28 U.S.C. § 636(b)(1)(C).  By contrast, 28 U.S.C. § 636(b)(1)(A) and Local Rule IB 1–3 state that U.S. Magistrate Judges may "hear and finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A).  Matters not exempted by 28 U.S.C. § 636(b)(1)(A) include a motion to determine whether or not the court should hold a hearing under *Franks*.  *See* 28 U.S.C. § 636(b)(1)(A).  Matters not exempted by 28 U.S.C. § 636(b)(1)(A) are subject to the "clearly erroneous or contrary to law" standard of review, which is a higher standard than the *de novo* standard.  *See id.*

[3] Magistrate Judge Ferenbach's order denying Acevedo's motion to suppress (construed as a motion for a *Franks* hearing) was released in conjunction with a report and recommendation regarding Acevedo's motion to dismiss certain counts of the indictment.  Acevedo and the government have both conflated the magistrate judge's order and the magistrate judge's report and recommendation at various points in this proceeding.  Though the magistrate judge issued his order regarding the motion to suppress within the document that included the report and recommendation (doc. # 68), the magistrate judge's order denying defendant's motion to suppress did not require the approval of this court.  The court previously reviewed de novo the magistrate judge's recommendation to deny defendant's motion to dismiss only.  The court now reconsiders, by a clearly erroneous standard, the magistrate judge's prior order denying Acevedo's motion to suppress.

James C. Mahan
U.S. District Judge

1   history) were not "necessary to find probable cause." *Perdomo*, 800 F.2d at 920 (citing *Dicesare*,

2   765 F.2d at 895)). (Doc. # 68 at 10). Third, Magistrate Judge Ferenbach found that the information

3   in the warrant was not "stale."

4         Acevedo has filed a motion for this court to reconsider the magistrate judge's order. (Doc.

5   # 96).

6   **II.      Legal Standard**

7         Magistrate judges are authorized to resolve pretrial matters subject to district court review

8   under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed.

9   R. Civ. P. 72(a); LR 3–1(a) ("A district judge may reconsider any pretrial matter referred to a

10  magistrate judge in a civil or criminal case pursuant to LR IB 1–3, where it has been shown that

11  the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection would also

12  enable the court to delegate some of the more administrative functions to a magistrate, such as ...

13  assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez*

14  *v. United States,* 490 U.S. 858, 869, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989).

15        "A finding is clearly erroneous when although there is evidence to support it, the reviewing

16  body on the entire evidence is left with the definite and firm conviction that a mistake has been

17  committed." *United States v. Ressam,* 593 F.3d 1095, 1118 (9th Cir.2010) (quotation omitted).

18  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules

19  of procedure." *Global Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.,* 2012 WL

20  3884939, at *3 (D.Nev.2012).

21  **III.     Discussion**

22        The Fourth Amendment protects "against unreasonable searches and seizures." It provides

23  that "[n]o warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S.

24  CONST. amend. IV. The text of the Fourth Amendment expressly imposes three requirements on

25  searches and seizures. First, the searches and seizures must be "reasonable." Second, if required,

26  all warrants must be predicated "upon probable cause." Third, if required, all warrants must

27  "particularly describe[s] the place to be searched, and the persons or things to be seized." *Id.*

28

**James C. Mahan**
**U.S. District Judge**

1    The probable cause requirement is normally satisfied by an affidavit executed by an

2    investigating officer.  Probable cause is a fluid concept.  *Illinois v. Gates*, 462 U.S. 213, 238–39

3    (1983).  It is the product of "a practical, common-sense" inquiry, which is not easily reduced to a

4    set of technical rules.  *Id*.  Probable cause exists if "a magistrate judge" concludes that "given all

5    the circumstances set forth in the affidavit[,] . . . there is a fair probability that contraband or

6    evidence of a crime will be found in a particular place.  And the duty of a reviewing court is simply

7    to ensure that the magistrate [judge] had a substantial basis for concluding that probable cause

8    existed." *Id*. (citation, internal quotation marks, and ellipses omitted).

9    Probable cause does not exist if an affidavit is supported by "wholly conclusory

10   statement[s]." *Id*. at 239.  For instance, "[a] sworn statement of an affiant that he has cause to

11   suspect and does believe that liquor illegally brought into the United States is located on certain

12   premises will not do." *Id*. (citing *Nathanson v. United States*, 290 U.S. 41 (1933)).  Similarly,

13   "[a]n officer's statement that affiants have received reliable information from a credible person

14   and believe that heroin is stored in a home, is likewise inadequate.  *Id*. (citing *Aguilar v. Texas*,

15   378 U.S. 108 (1964)).

16   In *Franks v. Delaware*, 438 U.S 154 (1978), the Supreme Court established a two-prong

17   test for overturning a magistrate judge's probable cause finding.  First, the there is a "presumption

18   of validity with respect to the affidavit supporting the search warrant." *Id*. at 171. Second, a

19   defendant is entitled to an evidentiary hearing on the validity of the affidavit only if he can make

20   a "substantial showing" that: (1) the affidavit contains intentionally or recklessly false statements

21   or misleading omissions, and (2) the affidavit purged of those falsities and supplemented by the

22   omissions would not be sufficient to support a finding of probable cause.  *United States v. Stanert*,

23   762 F.2d 775, 780-82 (9th Cir. 1985).

24   The Ninth Circuit articulated five requirements that a defendant must satisfy to warrant a

25   *Franks* hearing: (1) the defendant must allege specifically which portions of the warrant affidavit

26   are claimed to be false; (2) the defendant must contend that the false statements or omissions were

27   deliberately or recklessly made; (3) a detailed offer of proof, including affidavits, must accompany

28   the allegations; (4) the veracity of only the affiant must be challenged; (5) the challenged

James C. Mahan
U.S. District Judge

- 6 -

1  statements must be necessary to find probable cause.  *United States v. Perdomo*, 800 F.2d 916,

2  920 (9th Cir. 1986) (citing *United States v. Dicesare*, 765 F.2d 890, 895 (9th Cir. 1985)).

3      This means that a defendant must show that the affidavit could not support a finding of

4  probable cause even if it were purged of its falsities and supplemented by the omissions.  *See*

5  *Stanert*, 762 F.2d at 778 (citing *Franks*, 438 U.S. at 171–72).  A judge's probable cause

6  determination is accorded "significant deference," *United States v. Gil*, 58 F.3d 1414, 1418 (9th

7  Cir. 1995), and will be overturned only if it is "clearly erroneous." *Stanert*, 762 F.2d at 778.  In

8  making this determination, the court is "limited to the information and circumstances contained

9  within the four corners of the underlying affidavit." *Id*.  The duty of a reviewing court is to ensure

10 that the magistrate judge had a "substantial basis" for concluding that probable cause existed.

11 *Gates*, 462 U.S. at 238 (internal quotations omitted).

12     Acevedo asserts that the magistrate judge's order made certain erroneous conclusions.

13 First, Acevedo asserts that the order erroneously concluded that Waithman's omission of an

14 explanation in his affidavit about the quality of the photograph he was relying upon as evidence

15 of the crime was not a material omission.  Defendant asserts that the omission was significant

16 because the photograph "is the only fact in [Waithman's] Affidavit that corroborates Pepiyo

17 Ortega's statement that Acevedo-Hernandez was present at his home at the time of the killing of

18 the mule deer." (Doc. # 77 at 10).  Defendant asserts that Waithman acted with reckless disregard

19 for the truth when he omitted the fact that the photograph "was of such poor-quality that it was

20 impossible for him to accurately identify Acevedo[ ]." (*Id.*).

21     Second, Acevedo asserts that the magistrate judge's order erroneously concluded that the

22 remaining substantive bases for challenging the affidavit were not necessary to establishing

23 probable cause.  (Doc. # 68 at 10).  Specifically, Acevedo argues that the magistrate judge erred

24 by finding that the affidavit supports a finding of probable cause because of the pelican photo.

25 (Doc. # 77 at 11).  Acevedo argues that, because Waithman did not include a copy of the

26 photograph or note in the affidavit that it is impossible to tell who is holding the pelican,

27 Waithman's affidavit was materially misleading.

28

James C. Mahan
U.S. District Judge

- 7 -

Third, Acevedo asserts that the magistrate judge's conclusion that the facts support a finding of probable cause was erroneous because Waithman materially misrepresented the contents of the photograph of the mule deer, the contents of Acevedo's Facebook photographs, and Ortega's statement. (Doc. # 77 at 12). Defendant asserts that "each of these omissions or misrepresentations alone would be sufficient to vitiate the probable cause for the search, and the cumulative effect removes all doubt as to the lack of probable cause." (Doc. # 77 at 12).

Finally, Acevedo asserts that the magistrate judge erroneously concluded that the exact date when the deer were allegedly killed is irrelevant. (Doc. # 77 at 14). Acevedo asserts that the date is critical because the failure to provide information regarding when the alleged conduct occurred invalidates a search warrant for staleness. (Doc. # 77 at 14).

The government submits a four-paragraph response stating that the government concurs with the magistrate judge's report and recommendation, which the government asserts this court upheld on de novo review. (Doc. # 96 at 2). As defense counsel points out, this court specifically stated in its April 7, 2015, order that, while it adopted the magistrate's recommendation regarding denial of Acevedo's motion to dismiss, the court would not consider the issues related to the magistrate judge's order denying Acevedo's motion to suppress—which was separate from the magistrate judge's report and recommendation—without the appropriate motion for reconsideration. (Doc. # 96 at 2).

Though the government misconstrues this court's prior order and offers no real response to Acevedo's instant motion, it does explicitly incorporate by reference its prior briefing regarding Acevedo's original motion to suppress. (*See* doc. # 61). Accordingly, the court will consider the government prior briefing in evaluating Acevedo's instant motion.

The government's prior briefing asserted that the alleged omissions and misrepresentations are neither material nor would they have altered the court's probable cause analysis.

Reviewing the magistrate judge's prior order and the parties' briefing, the court finds that the magistrate judge's determination was not clearly erroneous or contrary to law. The court finds that the magistrate judge did not commit clear error. The alleged omissions and misrepresentations were neither material nor would they have altered the court's probable cause analysis.

James C. Mahan
U.S. District Judge

- 8 -

1    Accordingly,

2        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Adrian

3    Acevedo-Hernandez's motion to reconsider magistrate judge's denial of motion to suppress

4    evidence (doc. # 77) be, and the same hereby is, DENIED.

5        DATED June 5, 2015.

6

7    _____

8                UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 9 -