FILED ✓   RECEIVED
ENTERED   SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 1 0 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

1  DANIEL G. BOGDEN
   United States Attorney
2  Nevada State Bar No. 2137
   DANIEL D. HOLLINGSWORTH
3  Assistant United States Attorney
   Nevada State Bar No. 1925
4  Lloyd D. George United States Courthouse
   333 Las Vegas Boulevard South, Suite 5000
5  Las Vegas, Nevada 89101
   Telephone: (702) 388-6336
6  Facsimile: (702) 388-6787
   Counsel for Plaintiff

7

8

9

10                      UNITED STATES DISTRICT COURT

11                          DISTRICT OF NEVADA

12  UNITED STATES OF AMERICA,              )
                                           )
13                 Plaintiff,              )
                                           )
14         v.                              )   2:14-CR-242-JCM-(VCF)
                                           )
15  ADRIAN ACEVEDO-HERNANDEZ,              )
                                           )
16                 Defendant.              )

17      **SETTLEMENT AGREEMENT FOR ENTRY OF ORDER OF FORFEITURE**
                **AS TO ADRIAN ACEVEDO-HERNANDEZ AND ORDER**
18

19         The United States of America and Adrian Acevedo-Hernandez, and his counsel, Brian Pugh,

20  agree as follows.

21         1.  On July 16, 2014, the Grand Jury sitting in Las Vegas, Nevada returned a Four Count

22  Indictment against Adrian Acevedo-Hernandez, Jose Luis Montufar-Canales, and J. Nemias Reye

23  Marin for violations of Title 18, United States Code, Section 922(g)(5)(A) and Title 16, United States

24  Code, Sections 703 and 707(a). Criminal Indictment, ECF No. 1.

25         2.  On September 10, 2015, Adrian Acevedo-Hernandez entered into a Pretrial Diversion

26  Agreement. Pretrial Diversion Agreement, ECF No. __.

3.     Adrian Acevedo-Hernandez knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the following property:

    1.   Mossberg, model 500, 20 gauge shotgun, bearing serial number T830145;

    2. Glenfield, model 30A, 30-30 Winchester caliber rifle, bearing serial number 23005220;

    3. Stoeger, model P350, 12 gauge shotgun, bearing serial number 900044;

    4. Ithaca, model 600, 12 gauge shotgun, bearing serial number CM639633;

    5. Remington, model 870, Wingmaster 12 gauge shotgun, bearing serial number S031640V;

    6. Marlin, model 700, .22 caliber long rifle, bearing serial number 11238740;

    7. 20 gauge shotgun ammunition;

    8. 12 gauge shotgun ammunition;

    9. 30-30 cartridges;

    10. .22 long rifle cartridges; and

    11. any and all ammunition

(all of which constitutes "property").

4.   Adrian Acevedo-Hernandez knowingly and voluntarily agrees to abandon or to forfeit the property to the United States.

5.   Adrian Acevedo-Hernandez knowingly and voluntarily agrees to relinquish all right, title, and interest in the property.

6.   Adrian Acevedo-Hernandez knowingly and voluntarily agrees to waive his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings (all of which constitutes "proceedings") of the property.

7.   Adrian Acevedo-Hernandez knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property.

/ / /

2

8.  Adrian Acevedo-Hernandez knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorneys regarding the forfeiture and disposition of the property.

9.  Adrian Acevedo-Hernandez knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

10.  Adrian Acevedo-Hernandez knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents he filed in any proceedings concerning the property.

11.  Adrian Acevedo-Hernandez knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, the constitutional requirements, and the constitutional due process requirements of any abandonment proceedings or any forfeiture proceedings concerning the property

12.  Adrian Acevedo-Hernandez knowingly and voluntarily agrees to waive his right to a trial on the forfeiture of the property.

13.  Adrian Acevedo-Hernandez knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the property.

14.  Adrian Acevedo-Hernandez knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

15.  Adrian Acevedo-Hernandez understands that the forfeiture of the property shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment or any other penalty that may be imposed in addition to forfeiture.

16.  Adrian Acevedo-Hernandez knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement for Entry of Order of Forfeiture as to Adrian Acevedo-Hernandez and Order ("Settlement Agreement").

3

17. Adrian Acevedo-Hernandez knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, their agencies, their agents, and their employees from any claim made by him or any third party arising from the facts and circumstances of this case.

18. Adrian Acevedo-Hernandez knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of Homeland Security, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Adrian Acevedo-Hernandez now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

19. Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

20. The Settlement Agreement contains the entire agreement between the parties.

21. Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

22. The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

23. This Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to,

/ / /

4

1 │ and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United States

2 │ District Court for the District of Nevada, located in Las Vegas, Nevada.

3 │     24. Each party shall bear their or its own attorneys' fees, expenses, interest, and costs.

4 │     25. This Settlement Agreement shall not be construed more strictly against one party than

5 │ against the other merely by virtue of the fact that it may have been prepared primarily by counsel for

6 │ one of the parties; it being recognized that both parties have contributed substantially and materially to

7 │ the preparation of this Settlement Agreement.

8 │     IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable

9 │ cause for the seizure and forfeiture of the property.

10 │ DATED: 9-10-15         DATED: September 10, 2015

11 │ FEDERAL PUBLIC DEFENDER     DANIEL G. BOGDEN
                                      United States Attorney

14 │ BRIAN PUGH               DANIEL D. HOLLINGSWORTH
Counsel for ADRIAN ACEVEDO-HERNANDEZ    Assistant United States Attorney

15 │ DATED: 9-10-15

18 │ ADRIAN ACEVEDO-HERNANDEZ

19 │                            IT IS SO ORDERED:

22 │                            UNITED STATES DISTRICT JUDGE
                           DATED: 9/10/15

5